[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
This court finds that the plaintiff is entitled to judgment CT Page 3123 as the defendants clearly used water supplied by the plaintiff and did not pay for the same. The testimony of the defendant Samuel Saylor indicates he, his wife and two children live at 54 Boothbay Street, Hartford, Connecticut in a house that has no washing machine or dishwasher. He testified he believed their water usage was normal. At least two of the quarterly amounts estimated by the plaintiff coincide with normal family usage as stated by the plaintiff's collection agent, Richard Formica. While the subject property, 52-54 Boothbay Street, is a two-family house, only Mr. Saylor's residence has been occupied for the period in contention. The water meter, which both parties agree has not been tampered with, has not been working since 1992. The plaintiff has attempted to justify its bill based on estimates for four years. There was no evidence that the plaintiff attempted to contact the defendants about this bill or water usage; nor, was there any attempt by the defendants to contact the plaintiff. Nevertheless, the plaintiff has not met its burden that the defendant utilized the amounts of water as set forth in the estimates.
The court has utilized the following formula to determine damages:
Starting with the amount due of $587.99, as of December 4, 1992, this court averages $44.48 per quarter for calendar year 1993, $46.52 per quarter for calendar year 1994, and $48.18 for a part of calendar year 1995. The quarterly amounts are based on an average of the three lowest amounts per year. The fourth quarter for each year is three to four times the amount of the other quarters and, thus, was not used. Interest on those yearly amounts has been likewise averaged and added.
$587.99 starting point
177.92 calendar year 1993
8.89 interest
186.11 calendar year 1994
9.32 interest
192.72 3/4 calendar year 1995
 9.64 interest ------- $1,172.59 Total due through Third Quarter 1995.
CT Page 3124
Berger, J.